UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ISAIAH RODDY JR., )
)
      Plaintiff, )
)
    vs. ) No. 3:19CV290-PPS/MGG
)
SHARON LAVENGOOD, Coordinator for )
Goodwill of Michiana, Scept Program, et al., )
)
      Defendants. )

## OPINION AND ORDER

Acting without an attorney, Isaiah Roddy Jr. has filed this lawsuit against defendant, Sharon Lavengood, who Roddy says is the Coordinator of the "Scept" Program for Goodwill of Michiana.[1] [DE 1.] Roddy's complaint also refers to Latasha Dixon, as Coordinator for the Bridge Center for Abused Women, without clearly identifying her as a defendant (although the Clerk has docketed the case to reflect Dixon as a second defendant). Roddy has filed a motion to proceed in forma pauperis, that is, without paying the filing fee ordinarily required. [DE 2.] Because he asks for that accommodation, I must review the complaint under 28 U.S.C. §1915(e)(2)(B) and dismiss it if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Roddy has used the court's form Employment Discrimination Complaint, and indicates that he brings the case under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and for harassment and retaliation. [DE 1 at ¶4.] Roddy completed the "Claims and Facts" section of the complaint, in which he was directed to explain the when, where, why and how of the defendant's discrimination, and to include every fact necessary to explain his case. My most

---

[1] A quick Google search discloses (at https://www.goodwill.org/scsep/) that "SCSEP" is Goodwill's Senior Community Service Employment Program.

generous interpretation of the facts Roddy alleges is that when he was already working at one job site at which he was placed by Goodwill of Michiana, defendant Lavengood, as coordinator of the jobs program, insisted that he accept a different position at a different job site, even after Roddy explained that he was content where he was and that he would not have convenient transportation home after work from the new job site. After Lavengood drove a reluctant Roddy to the new job site for a meeting with Latasha Dixon, Roddy again explained that the job's hours didn't mesh with the bus transportation he would rely on. Lavengood left without giving Roddy a ride and later made good on her threat to fire him from the jobs program for his refusal to take the new position. Roddy filed a company grievance about Lavengood's treatment of him, but no action was taken on what he describes as Lavengood's "unprofessional conduct." [DE 1 at 6.] As described in Roddy's complaint, Lavengood's behavior appears unreasonable and inexplicably harsh, but does it state a legal claim on which Roddy can proceed in this case?

Roddy clearly names Sharon Lavengood as a defendant, but has also completed a summons form for service of the complaint on Latasha Dixon. As to Dixon, the facts alleged indicate only that she was involved in a meeting concerning a job for Roddy, which occurred several weeks after an interview and background check in which Dixon had some involvement (although it's not clear how). [DE 1 at 4.] These allegations clearly don't support any claim for relief as against Dixon. But more significantly, under Title VII and the ADA there is no personal liability for individual defendants such as Lavengood and Dixon. *See, e.g., Stanek v. St. Charles Community Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012). Instead, only an employer can be liable, and it's not even clear from the complaint that Goodwill of Michiana was Roddy's employer, as opposed to the entity operating the job site where he worked (which he does not identify).

Title VII prohibits discrimination in the workplace on the basis of race, color, gender, religion and national origin. But Roddy has not explained which of these protected categories he claims and how Lavengood's behavior was motivated by it. He does not tie any of the facts of his firing to his race, color, religion, sex or national origin, but instead says that Lavengood "dismiss[ed] him from his job for not accepting a new job site, regardless of not having transportation." [DE 1 at 8.] Roddy's allegations also fall far short of a claim of hostile work environment, which requires on-the-job harassment that is "sufficiently severe or pervasive to alter the terms and conditions of employment." *Cole v. Bd. of Trustees of N. Illinois Univ.*, 838 F.3d 888, 895-96 (7th Cir. 2016).

As for the ADA, Roddy has not plainly alleged a disability. Instead he asserts only that Lavengood knew "that the plaintiff has a disability" and "has a doctor's document showing that he cannot stand or walk [for a] long period of time." [DE 1 at 8.] "A plaintiff charging violation of the Americans with Disabilities Act must allege that he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of his disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345-46 (7th Cir. 2015). In *Tate*, the Court of Appeals held that a claim of disability discrimination "must allege a specific disability" because "a defendant is entitled to fair notice, in the complaint, of the plaintiff's claim." *Id.* (internal quotation marks and citations omitted).

A retaliation claim requires that the plaintiff had engaged in some sort of protected activity, and that it be specifically identified. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). Roddy explains that he filed an internal grievance against Lavengood, but he only alleges that he did so because of her "unprofessional conduct," which he doesn't link to his race, sex or disability. [DE 1 at 6.]

For all these reasons, the complaint is subject to dismissal under §1915(e)(2)(B) for failure to state a claim on which relief can be granted. But because its shortcomings are ones that could possibly be overcome by changes and improvements to the manner in which the complaint is pled, I will offer Roddy a second chance, in the form of leave to file an amended complaint, keeping in mind what has been explained here.

**ACCORDINGLY:**

The complaint [DE 1] is **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B).

Plaintiff Isaiah Roddy Jr. is **GRANTED until July 1, 2019** to file an amended complaint in this case. Along with a copy of this order, the Clerk is directed to provide Roddy with a blank Employment Discrimination Complaint form for his use.

Roddy is **CAUTIONED** that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

ENTERED: May 16, 2019.

                                                /s/ Philip P. Simon
                                                **PHILIP P. SIMON, JUDGE**
                                                **UNITED STATES DISTRICT COURT**